The Kentucky Bar Association (KBA) has petitioned this Court to impose reciprocal *431 discipline against Robert Good Lohman, III, under Kentucky Supreme Court Rule (SCR) 3.435. Lohman's KBA member number is 86932 and his bar roster address is 2400 E. Devon Ave., Suite 284, Des Plaines, IL, 60018-4617. On May 24, 2018, the Supreme Court of the State of Illinois entered an order suspending Lohman from the practice of law for one year.[1] On July 9, 2018, this Court ordered Lohman to show cause why we should not impose reciprocal discipline. Lohman failed to respond, so we accordingly grant the KBA's motion and impose reciprocal discipline.
The KBA's petition asserts that the Supreme Court of the State of Illinois's decision to sanction Lohman was based upon the following facts:
Lohman represented a client in multiple actions stemming from a car accident in June 2005. Lohman negotiated a $50,000.00 settlement in one of the cases and deposited the funds into his IOLTA account. During the course of representation, the client hired a new attorney and a dispute arose regarding the amount of fees owed to Lohman. Lohman ultimately filed a lien, and the client's new attorney filed a motion to adjudicate the lien.
At a hearing in July 2012, the judge ordered Lohman to hold the remaining settlement proceeds of $16,805.60 in his IOLTA account pending a further ruling by the court. However, after the order, Lohman transferred funds from his IOLTA account into his operating account and on January 2, 2014, the IOLTA account balance was $29.53. The balance remained at $29.53 until at least January 2016.
The Supreme Court of Illinois found that Lohman violated two provisions of the Illinois Rules of Professional Conduct, which are similar to Kentucky Supreme Court Rule (SCR) 3.130 (8.4)(c), which states that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation, and SCR 3.130 (1.15)(c), which prohibits commingling funds.
SCR 3.435(2) states that
Upon receipt of a certified copy of an order demonstrating that an attorney admitted to practice in this State has been disciplined in another jurisdiction, this Court shall forthwith issue a notice directed to the attorney containing:
(a) a copy of said order from the other jurisdiction; and
(b) an order directing that the attorney inform the Court, within twenty (20) days from the service of the notice, of any claim by the attorney predicated upon the grounds set forth in paragraph (4) hereof that the imposition of the identical discipline in this State would be unwarranted and the reasons therefor.
Under SCR 3.435(4), Lohman is subject to reciprocal discipline unless he proves by substantial evidence: "(a) a lack of jurisdiction or fraud in the out-of-state disciplinary *432 proceeding, or (b) that misconduct established warrants substantially different discipline in this State." SCR 3.435(4)(c) further provides that "[i]n all other respects, a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this State." Lohman has offered no evidence to oppose the imposition of reciprocal discipline.
Accordingly, it is hereby ORDERED that:
1) Respondent, Robert Good Lohman, III is subject to reciprocal discipline for the misconduct found by the Supreme Court of the State of Illinois. Respondent's misconduct is established conclusively for purposes of disciplinary proceedings in this State.
2) Lohman is suspended from the practice of law in the Commonwealth of Kentucky for one year, beginning on the date of the rendition of this Opinion and Order, and to run concurrently with his suspension in Illinois; and
3) In accordance with SCR 3.450, Lohman shall pay all costs associated with these proceedings, if any, and execution for such costs may issue from this Court upon finality of this Opinion and Order; and
4) Lohman must notify all courts and clients of his suspension in accordance with SCR 3.390. Those notifications must be made by letter in the United States mail within ten days from the date of entry of this Opinion and Order. Lohman must also simultaneously provide a copy of all notification letters to the Office of Bar Counsel. Also, to the extent possible, Lohman must cancel and cease any advertising activities in which he is engaged.
John D. Minton Jr.
CHIEF JUSTICE
All sitting. All concur.

The Supreme Court of the State of Illinois suspended Lohman from the practice of law for one year "and until he successfully completes the Attorney Registration and Disciplinary Commission Professionalism Seminar." The Court did not adopt the Illinois Review Board's recommendation of a six-month suspension and does not explain its reasoning for divergence in its Order. Kentucky's Office of Bar Counsel contacted the Attorney Registration and Disciplinary Commission in Illinois and confirmed that the Illinois Supreme Court did not issue any other findings of fact or filings besides the Final Order. The Report and Recommendation of the Review Board was utilized for purposes of factual background and rule violations.